UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| MARTHA PANASZEWICZ,<br><br>    Plaintiff,<br><br>    v.<br><br>GMAC MORTGAGE, LLC; RESIDENTIAL FUNDING COMPANY, LLC,<br><br>    Defendants. | No. C 13-01162 MEJ<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** [Dkt. No. 6] |

## I  INTRODUCTION

On January 28, 2013, Plaintiff Martha Panaszwicz filed this lawsuit for promissory estoppel in San Francisco Superior Court against Defendants GMAC Mortgage, LLC, and Residential Funding Company, LLC, seeking to annul the trustee's sale of her home and seeking damages as a result of the sale. Notice of Removal, Ex. A (Complaint), Dkt. No. 1 at 8. Plaintiff alleges that after she defaulted on her mortgage loan, GMAC's representative, George Lee, promised to postpone the trustee's sale of her home noticed for November 20, 2012. *Id*. at ¶¶ 21-23. Plaintiff alleges that, in reliance on that promise, she did not take legal steps to protect her home and prevent the foreclosure sale from occurring. Compl. ¶ 41. In breach of their alleged promise, Defendants proceeded with the trustee's sale on November 20, 2012. Compl. ¶ 45. As a result, in this action Plaintiff seeks: (1) annulment the trustee's sale and restoration of her ownership in the property; (2) damages and interest; and (3) costs and attorneys' fees. Compl. at 8.

On March 14, 2013, Defendants removed this lawsuit from state court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1332. Dkt. No. 1. Defendants now move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the Court finds this Motion suitable for disposition without oral argument, it **VACATES** the May 23, 2013 hearing. Civ. L.R. 7-1(b). Having considered the parties' arguments and controlling legal

authority, the Court **GRANTS** Defendants' Motion and dismisses Plaintiff's Complaint **WITHOUT PREJUDICE**.

## II. BACKGROUND

Plaintiff was the owner of real property located at 89 Belle Avenue, San Francisco, California, 94132. Compl. ¶ 2. To purchase the property, in March 6, 2007, Plaintiff executed a promissory note in the amount of $440,000 secured by a Deed of Trust on the Property. Defendants' Request for Judicial Notice, Ex. 2 (Notice of Default and Election to Sell Under Deed of Trust) at 2, Dkt. No. 7. The Deed of Trust originally named Plaintiff as the Trustor and No Red Tape Mortgage as Beneficiary and was recorded on March 14, 2007. *Id.* GMAC was the mortgage servicer and assignees/transferee of Plaintiff's original loan. *Id.* On June 12, 2012, Mortgage Electronic Registration Systems, Inc., as nominee for No Red Tape Mortgage, assigned the Deed of Trust to Residential Funding Company. RJN, Ex. 1.

On July 10, 2012, Executive Trustee Services, LLC, as Trustee or Substituted Trustee, caused a Notice of Default and Election to Sell Under Deed of Trust to be recorded. RJN, Ex. 2. The Notice indicated that as of July 9, 2012, Plaintiff was $23,898.72 behind in her payments. *Id.* Thereafter, on October 25, 2012, Executive Trustee Services caused a Notice of Trustee's Sale to be recorded, noticing a sale date of November 20, 2012. RJN, Ex. 3. The Notice of Trustee's Sale indicated that the total amount of the unpaid balance on the obligation secured by the property, along with reasonable estimated costs, expenses, and advances at the time of the publication of the Notice of Sale was $487,233.57. *Id.*

On November 20, 2012, a trustee's sale was held, with Executive Trustee Services, as Trustee, granting the property to Residential Funding Company as the foreclosing beneficiary. RJN, Ex. 4. On November 27, 2012, a Trustee's Deed Upon Sale was recorded. *Id.*

Plaintiff now seeks to undo the Trustee's Sale of her home, alleging that she relied on statements from GMAC's representative that the sale would be postponed and, as a result, declined to institute other means to protect her interest in the property. The allegations in support of Plaintiff's promissory estoppel claim are as follows.

1    Plaintiff alleges that on November 2, 2011, GMAC served her with a notice and demand for
2 payment based on her default on the loan that it was servicing. Compl. ¶ 8. Thereafter, on February
3 23, 2012, Plaintiff received a loss mitigation letter from GMAC's representative, George Lee, which
4 stated that GMAC "would like the opportunity to work with (Plaintiff) on establishing a workout
5 solution on (her) account." Compl. ¶¶ 9-10. The letter included a "workout package," consisting of
6 forms that Plaintiff was to complete and return to Mr. Lee. *Id*. ¶ 11.

7    After the Notice of Default and Election to Sell was recorded, on October 22, 2012, Plaintiff's
8 daughter (Mariluz Panaszewica Ragasa) and son (Ian Panaszewica) called Mr. Lee to discuss
9 Plaintiff's loan workout solutions. *Id*. ¶ 14. Plaintiff alleges that "[o]n October 25, 2012, Mariluz
10 and Ian acting for and on behalf fo Plaintiff agreed to Defendant GMAC's offer coursed through Mr.
11 Lee to work on establishing a workout solution by sending the completed documents previously
12 received from Defendant GMAC to Mr. Lee via facsimile." *Id*. ¶ 16. Plaintiff avers that, among the
13 documents her children sent to Mr. Lee were letters requesting that the trustee's sale be postponed.
14 *Id*. ¶ 17. Mariluz thereafter spoke with Mr. Lee on October 30, 2012, at which time she reiterated
15 Plaintiff's written request to delay the trustee's sale while Plaintiff's loan workout application was
16 pending. *Id*. ¶¶ 18-20. According to Plaintiff, "Mr. Lee responded and told Mariluz that they didn't
17 need to postpone or delay the sale." *Id*. ¶ 21. Plaintiff states that "Mariluz understood and believed
18 this response by Mr. Lee to mean a promise or agreement that the trustee's sale was no longer
19 pushing through on November 20, 2012," and she informed Plaintiff of this *Id*. ¶¶ 22-23. After some
20 confusion about the forms that were submitted, Mariluz filled out and submitted a new set of loan
21 workout forms to Mr. Lee on November 1, 2012, and again on November 19, 2012. *Id*. ¶¶ 25-28.
22 However, Mr. Lee never responded. *Id*. ¶¶ 29-31.

23    On November 20, 2012, the Trustee's Sell was held. On that date, Mariluz spoke to Mr. Lee
24 about the status of the workout application; Mr. Lee responded that he was not obligated to contact
25 Plaintiff, Mariluz, or Ian. *Id*. ¶¶ 35-36. Mariluz informed him that "she had requested that the
26 trustee's sale be postponed and that he had assured them that they did not need to postpone it at all";
27 Mr. Lee responded that "he did all he could." *Id.* ¶¶ 37-38.
28

Based on the foregoing allegations, Plaintiff seeks to set aside the trustee's sale based on a promissory estoppel theory. In her claim, Plaintiff alleges that she and her family "detrimentally relied on the clear and unambiguous assurance of Mr. Lee of Defendant GMAC that the sale of November 20, 2012 had been postponed in that they opted to forego taking necessary and appropriate legal steps to protect their interests in the Subject Property and legally prevent the sale from taking place by either applying with the court for a temporary restraining order and/or preliminary injunction, applying for relief under the Bankruptcy Code or other available remedies provided for under the law." *Id.* ¶ 41. She alleges that Defendants "breached the promise by proceeding with the trustee's sale on November 20, 2012 which they were estopped from doing due to promissory estoppel." *Id.* ¶ 45. As a result, Plaintiff alleges that she suffered damages due to the loss of her home in the amount of no less than $1.2 million. *Id.* ¶ 46. She asserts that "[i]njustice can only be avoided by enforcement of the promise not to push through with the trustee's sell." *Id.* ¶ 47.

### III. LEGAL STANDARD

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing a motion to dismiss, the court may also consider documents attached to the

4

complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). In addition, the court may consider a matter that is properly the subject of judicial notice, such as matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

## IV. DISCUSSION

Defendants assert three challenges to Plaintiff's promissory estoppel claim. First, Defendants argue that Plaintiff cannot set aside the trustee's sale via a promissory estoppel claim. Rather, Defendants argue that Plaintiff may only seek damages resulting from the sale, which, because of the bankruptcy stay in effect, prevents Plaintiff from proceeding with the claim. Second, Defendants contend that Plaintiff has failed to allege facts on essential elements of her promissory estoppel claim. Specifically, Defendants argue that Plaintiff has not and cannot set forth facts showing: (1) that there was a clear and unambiguous promise to postpone the trustee's sale; (2) that Plaintiff detrimentally relied on such a promise; or (3) that such reliance was reasonable and foreseeable. Third, Defendants argue that Plaintiff cannot proceed with her claim because she has not tendered the outstanding debt. Because the Court finds Defendant's second challenge dispositive, it turns to that argument first.

**A.  Sufficiency of Plaintiff's Allegations in Support of Promissory Estoppel**

As described above, Plaintiff's sole claim in this action is for promissory estoppel. Under California law, promissory estoppel requires: "(1) a promise that is clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his or her reliance." *Boon Rawd Trading Int'l Co., Ltd. v. Paleewong Trading Co., Inc.*, 688 F. Supp. 2d 940, 953 (N.D. Cal.

5

2010). "The purpose of this doctrine is to make a promise that lacks consideration (in the usual sense of something bargained for and given in exchange) binding under certain circumstances." *Id*. "Under this doctrine a promisor is bound when he should reasonably expect a substantial change of position, either by act or forbearance, in reliance on his promise, if injustice can be avoided only by its enforcement." *Youngman v. Nev. Irrigation Dist.*, 70 Cal. 2d 240, 249 (1960). "The vital principle is that he who by his language or conduct leads another to do what he would otherwise not have done shall not subject such person to loss or injury by disappointing the expectations upon which he acted." *Wilson v. Bailey*, 8 Cal. 2d 416, 423 (1937).

Defendant first argues that Plaintiff has failed to plead facts demonstrating a clear promise was made to postpone the trustee's sale. As indicated above, Plaintiff alleges that her children – Mariluz and Ian – corresponded with Mr. Lee regarding the trustee's sale and modification paperwork. Compl. ¶¶ 15-16. Specifically, she alleges that when Mariluz returned the loan workout paperwork to Mr. Lee, she included "letters requesting that the scheduled trustee's sale . . . be postponed" and later orally "reiterated their earlier written requests to delay the trustee's sale . . . while their loan workout application was pending." *Id*. 17, 20. Plaintiff alleges that in response to the request, Mr. Lee stated that "they didn't need to postpone or delay the sale." *Id*. ¶ 21. Mariluz interpreted this response to be a promise or agreement that the trustee's sale was no longer proceeding on the noticed November 20, 2012 date, which she communicated to Plaintiff who also interpreted it the same way. *Id*. ¶¶ 22, 23.

Defendants argue that these allegations are insufficient to show that Mr. Lee promised Plaintiff he would postpone the trustee's sale. Rather, Defendants argue that Plaintiff and her children merely implied – incorrectly – from Mr. Lee's statement that the sale would be postponed, even though Mr. Lee never said that. Plaintiff, however, maintains that when Mariluz requested that Mr. Lee delay the trustee's sale while Plaintiff's loan workout paperwork was pending, "it was reasonable for Plaintiff to expect and understand [Mr. Lee's response] to mean that the trustee's sale had in fact been postponed or will be postponed." Opp. at 3. The Court, however, is unpersuaded by Plaintiff's argument. Rather than being a clear and unambiguous promise that the sale would be

1 postponed, Mr. Lee's statement *was exactly the opposite*: that there was no need to postpone or delay
2 the trustee's sale. Thus, the Court agrees with Defendants that this statement – without more – does
3 not show that Defendants made a clear and unambiguous promise to Plaintiff to postpone the sale.

4        Defendants next argue that – even if Mr. Lee's statement is assumed to be a promise to
5 postpone the sale – Plaintiff has failed to plead facts showing detrimental reliance on that promise.
6 "Detrimental reliance requires a showing that plaintiff has undertaken a sufficient change of position
7 in reliance on defendant's promise." *Penney v. Wells Fargo Bank, NA*, 2012 WL 2071705, at *5
8 (C.D. Cal. June 8, 2012) (citing *Quinteros v. Aurora Loan Servs,*, 740 F. Supp. 2d 1163, 1172 (E.D.
9 Cal. 2010). As indicated above, Plaintiff has alleged that in response to Mr. Lee's statement, she
10 "opted to forego taking the necessary and appropriate legal steps to protect [her] interests in the
11 Subject Property and legally prevent the sale from taking place" by seeking a TRO or preliminary
12 injunction or filing for bankruptcy. Compl. ¶ 41. Defendants contend that these allegations are
13 insufficient as they do not contain any facts indicating that she changed her position to her detriment
14 in reliance on Mr. Lee's statement. The Court agrees with Defendants. While Plaintiff alleges that
15 she elected not to seek injunctive relief from the Court or protection from the bankruptcy court in
16 reliance on Mr. Lee's purported promise, *Plaintiff has not alleged that she either made preliminary*
17 *steps in filing for a TRO or bankruptcy petition or intended to do so, but withdrew such action in*
18 *reliance on Mr. Lee's statement*. Rather, as plead, from the time Plaintiff received the Notice of
19 Default and Election to Sell in July 2012, Plaintiff did not avail herself of any judicial means to halt
20 the sale and, significantly, this inaction merely continued after her children spoke with Mr. Lee.
21 Thus, even if Mr. Lee's statement is construed as a promise to postpone the trustee's sale, it was not
22 the impetus for Plaintiff's abandoning her efforts to obtain judicial relief because she never made
23 such efforts in the first place. Mr. Lee's statement thus did not effect any change in Plaintiff's
24 conduct or compel her to abandon her legal recourse. As plead, therefore, there are no facts
25 demonstrating detrimental reliance by Plaintiff. *See Mehta v. Wells Fargo Bank, N.A.*, 2011 WL
26 1157861, at *3 (S.D. Cal. Mar. 29, 2011) (dismissing promissory estoppel claim on the grounds that
27 the plaintiff's allegations that he did not pursue other courses of action to avoid foreclosure in

reliance on Wells Fargo's statement that it would postpone the foreclosure sale was insufficient as the plaintiff never attempted to file a bankruptcy action and Wells Fargo never told the plaintiff not to file for bankruptcy); *see also Sohal v. Fed. Home Loan Mortgage Corp.*, 2012 WL 6044817, at *10 (N.D. Cal. Dec. 5, 2012) (granting summary judgment on promissory estoppel claim in favor of defendants where plaintiff presented no evidence that defendants asked the plaintiffs to forego any particular course of conduct as a pre-requisite to negotiations of loan modification); *Bhandari v. Capital One, N.A.*, 2012 WL 5904694, at *5 (N.D. Cal. 2012) (plaintiffs failed to show likelihood of success on promissory estoppel claim where alleged promise to suspend foreclosure proceedings as long as plaintiffs complied with the terms of the forbearance agreement was ambiguous and speculative and plaintiffs failed to show detrimental reliance); *Macris v. Bank of Am., NA*, 2012 WL 273120, at *8 (E.D. Cal. Jan. 30, 2012) (dismissing plaintiff's promissory estoppel claim after finding that plaintiff failed to plead facts showing clear promise of loan modification on which plaintiffs detrimentally relied); *Danielson v. Wells Fargo Bank*, 2011 WL 4551177, at *3 (C.D. Cal. Sept. 29, 2011 (denying motion for preliminary inunction where plaintiff failed to establish that defendants promised to postpone foreclosure sale while it considered plaintiff's loan modification documents or that she relied on this alleged promise in foregoing the opportunity to file for bankruptcy or borrow money to reinstate the loan).

In this way, the instant action is distinguishable from other cases in which mortgagors were induced to change their positions based on promises to delay or suspend foreclosure proceedings. For example, in *Solomon v. Aurora Loan Servs LLC*, 2012 WL 2577559, at 6 (E.D. Cal. July 3, 2012), the court held that the plaintiff had plead an actionable promissory estoppel claim, noting:

> Here, defendant allegedly promised that they would not foreclose on plaintiff's property while her HAMP application was pending. **Plaintiff allegedly could have paid back the arrearage to reinstate her loan, but followed defendant's advice to delay the payment until after the results of her most recent HAMP application were in. This step was taken in reasonable reliance on defendant's promise, and was foreseeable as it was precisely what defendant's agent advised her to do.** Plaintiff suffered injury as a result of her reliance because her home was foreclosed on before her HAMP application was resolved. She has therefore sufficiently alleged the elements of a promissory estoppel claim.

(Emphasis added). *See also Harvey v. Bank of Am.*, *N.A.*, 2012 WL 5337425, at * (N.D. Cal. Oct. 26,

2012) (plaintiff sufficiently stated promissory estoppel claim by alleging that bank encouraged plaintiff to stop making mortgage payments so that he could qualify for a loan modification, but then contrary to promise, denied modification application and instituted foreclosure proceedings); *Harris v. Wells Fargo Bank, N.A.*, 2013 WL 1820003, at *11 (N.D. Cal. Apr. 30, 2013) (plaintiff sufficiently stated a claim for promissory estoppel by alleging that bank representative repeatedly promised her that her failure to make monthly payment would not result in default, late fees, or native credit consequences during the pendency of her loan modification application, and relying on that promise, plaintiff refrained from making payments, and bank then charged her late fees, recorded a notice of default, and reported her failure to credit agencies).

      Defendant also argues that Plaintiff has failed to plead facts showing that such reliance was reasonable and foreseeable. Again, the Court agrees with Defendants. In *Ramirez v. Wells Fargo Bank, N.A.*, 2011 WL 1585075, at *5 (N.D. Cal. Apr. 27, 2011), the plaintiff advanced the same theory as Plaintiff in this case: that in reliance on Wells Fargo's promise to postpone a noticed foreclosure sale, the plaintiff did not initiate a civil lawsuit or bankruptcy proceedings. The court found that the plaintiff had sufficiently stated a plausible claim for promissory estoppel by alleging that the defendant promised to postpone the foreclosure sale, the plaintiff relied on that promise by not filing a bankruptcy petition or civil action, the plaintiff's reliance was reasonable and foreseeable, and the plaintiff suffered a loss as a result of his reliance when the property was sold at a foreclosure sale. *Id*. However, in *Ramirez* the plaintiff had specifically alleged that "Wells Fargo agreed to postpone the noticed sale date of the Subject Property on a monthly basis due to the ongoing loan modification processing *and in consideration for* Mr. Ramirez's agreement not to file a civil law suit and/or bankruptcy petition." *Id*. (emphasis added). The court found this allegation "suggests that Wells Fargo was aware of plaintiff's reliance on defendant's promise to postpone the foreclosure sale." *Id*. Here, in contrast, Plaintiff's Complaint is devoid of similar allegations. Plaintiff has not set forth any facts indicating that she or her children notified Mr. Lee or any other of Defendants' representatives that she intended to pursue legal action to protect her property, but was electing not to do so because Plaintiff believed the sale was to be postponed. Thus, there are no facts indicating that

9

1 Defendants were aware of Plaintiff's reliance on Mr. Lee's alleged promise which would suggest that
2 her reliance was reasonable and foreseeable to Defendants.

3 Taken together, the Court finds that, based on the foregoing pleading deficiencies, Plaintiff
4 has failed to state a plausible promissory estoppel claim. The Court therefore **GRANTS** Defendants'
5 Motion to Dismiss on this basis. Because it may be possible for Plaintiff to state additional facts on
6 each of these elements, the Court concurrently **GRANTS** Plaintiff leave to file an amended
7 complaint.

**B.      Plaintiff Cannot Seek to Set Aside the Trustee's Sale Based Upon Promissory Estoppel**

9 Defendant also argues that because Plaintiff did not reinstate or attempt to reinstate the her
10 loan prior to the trustee's sale, she cannot seek to set aside the sale through a promissory estoppel
11 claim. Mot. at 6. Instead, Defendants argue that Plaintiff may only recover damages under her claim.
12 Further, Defendants point out that on May 14, 2012, Residential Capital, LLC and certain of its direct
13 and indirect subsidiaries, including GMAC and ETS, filed voluntary petitions for relief under Chapter
14 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New
15 York, thus triggering the protections of the automatic stay set forth in § 362(a) of Chapter 11 of the
16 Bankruptcy Code. Mot. at 1 n1; Dkt. No. 8. Thereafter, on July 13, 2012, the Bankruptcy Court
17 issued a final supplemental order providing that certain claims are exempted from the stay. *Id*.
18 Defendants state that as set forth in the Notice of Bankruptcy and Suggestion of Automatic Stay filed
19 in this case, to the extent that Plaintiff seeks an award of damages, attorneys' fees, and/or costs of suit
20 by virtue of the promissory estoppel claim alleged against GMAC and RFC, such claim for damages
21 is not a Permitted Claim and is subject to the automatic stay. *Id*.

22 In support, Defendants cite *Aceves v. U.S. Bank, N.A.*, 192 Cal. App. 4th 218, 231 (2011),
23 wherein the California Court of Appeal noted that "a promissory estoppel claim generally entitles a
24 plaintiff to the damages available on a breach of contract claim." In that case, the court found that
25 because the plaintiff-homeowner had not paid the funds needed to reinstate the loan before the
26 foreclosure sale, "promissory estoppel does not provide a basis for voiding the deed of sale or
27 otherwise invalidating the foreclosure." *Id*. (citing *Garcia*, 183 Cal. App. 4th at 1047). The Court
28

10

agrees with Defendants that the same principle applies in this case. Plaintiff has not alleged that she cured the default to reinstate her loan prior to the foreclosure sale. As a result, Plaintiff may not invalidate the foreclosure sale via her promissory estoppel claim, but is limited to damages. However, because of the automatic stay discussed above, any claim against Defendants for damages is not a Permitted Claim which can proceed at this point. If Plaintiff files an amended complaint reasserting her promissory estoppel claim, she is foreclosed from seeking to invalidate the foreclosure sale and to the extent the claim seeks damages, it will be subject to the bankruptcy stay.

## V. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's Complaint (Dkt. No. 6). Because it is possible that Plaintiff may plead additional facts to cure the pleading deficiencies outlined above, dismissal is **WITHOUT PREJUDICE**. Any amended complaint shall be filed no later than June 13, 2013.

**IT IS SO ORDERED.**

Dated: May 22, 2013

_____
Maria-Elena James
United States Magistrate Judge